**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SAPRIA McFADDEN,

      Plaintiff,

                                  Case No. 26-10919

v.

                                  HON. DENISE PAGE HOOD

FORD MOTOR COMPANY, et al.,

      Defendants.

_____/

**ORDER DENYING WITHOUT PREJUDICE APPLICATION**
**TO PROCEED WITHOUT PREPAYING FEES OR COSTS (#2)**
**AND MOTION FOR TEMPORARY RESTRAINING ORDER (#4)**

Before the Court is Plaintiff Sapria McFadden's Application to Proceed Without Prepaying Fees or Costs.  The application and declaration do not comply with the requirements under 28 U.S.C. § 1915 since the documents do not provide sufficient information to make a determination that Plaintiff meets the indigency status.  The Sixth Circuit has noted that,

> The district court has wide discretion in denying a party's application to proceed in forma pauperis. *Flowers v. Turbine Support Division*, 507 F.2d 1242 (5th Cir. 1975). The requirement of the affidavit protects against fraudulent invocation of 28 U.S.C. § 1915. *Jefferson v. United States*, 277 F.2d 723 (9th Cir. 1960). A short cursory oath of indigency does not satisfy the affidavit requirement; inquiries concerning employment, income, property owned and case on hand are relevant to the question of indigency so that an informed decision on the issue can be made. *Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980); *See Appendix*

*of Forms, Form 4*, Federal Rules of Appellate Procedure.

*Black v. C.I.A.*, 772 F.2d 905, 1985 WL 13559 *1 (6th Cir. 1985).  Litigants seeking to proceed in forma pauperis must submit an affidavit that includes a statement of all plaintiff's assets. *See* 28 U.S.C. § 1915(a)(1). This "affidavit" requirement is satisfied as long as it contains the phrase "under penalty of perjury" and states that the document is true. *See* 28 U.S.C. § 1746 (unsworn declarations under penalty of perjury); *see also Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 205 (1993) (discussing function of affidavit requirement).

Plaintiff's Application to Proceed Without Prepaying Fees or Costs and Declaration alleged her wages are withheld and she was denied disability benefits and profit-sharing funds, there is no information regarding her other assets and liabilities.  The Court denies without prejudice Plaintiff's Application to Proceed Without Prepaying Fees or Costs.  Plaintiff may submit the appropriate form found on the Court's website, www.mied.uscourts.gov or the Clerk's Office or, alternatively, Plaintiff may pay the required filing fee in order to proceed with this lawsuit.

If Plaintiff does not submit the appropriate form under penalty of perjury or pay the filing fee, the case will be dismissed sua sponte or on the Court's own motion.  *See Woods v. Dahlberg*, 894 F.2d 187, 187 (6th Cir. 1990) (per curiam)

(denial of IFP motion is "the functional equivalent of an involuntary dismissal").
*See, Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015) ("Obviously, if an IFP application is submitted with the complaint in lieu of the filing fee, and the application is thereafter denied, the district court will be free to dismiss the complaint if the fee is not paid within a reasonable time following the denial.").

Plaintiff also filed a Motion for Temporary Restraining Order. However, because the case cannot proceed until either the Court grants the Application to Proceed Without Prepaying Fees or Costs, or if the filing fee is paid, the Court denies the motion without prejudice. Plaintiff may renew the motion if the case is not dismissed.

Accordingly,

IT IS ORDERED that Plaintiff's Application to Proceed Without Prepaying Fees or Costs **(ECF No. 2)** is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff, **within 21 days from the date of this Order**, either submit the appropriate form under the penalty of perjury available on the Court's website or in the Clerk's Office (Form AO 240, Application to Proceed in District Court Without Prepaying Fees or Costs) **OR** pay the filing fee. If Plaintiff fails to submit the appropriate form or pay the filing fee within 21 days from the date of this Order, this case may be dismissed

IT IS FURTHER ORDERED that the Motion for Temporary Restraining Order **(ECF No. 4)** is DENIED without prejudice.  Plaintiff may renew the motion if the case is not dismissed.

IT IS FURTHER ORDERED that any appeal of this Order would be frivolous and would not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore v. Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir. 1997)(overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)).

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED:  March 20, 2026