**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SAPRIA McFADDEN,

     Plaintiff,

                                 Case No. 26-10919

v.

                                 HON. DENISE PAGE HOOD

FORD MOTOR COMPANY, et al.,

     Defendants.

_____/

**ORDER DENYING EMERGENCY MOTION FOR**
**TEMPORARY RESTRAINING ORDER**
**AND PRELIMINARY INJUNCTION (ECF No. 9)**

**I.    BACKGROUND**

This matter is before the Court on a Motion for Temporary Restraining Order and Preliminary Injunction filed on March 30, 2026 by Plaintiff Sapria McFadden against Defendants Ford Motor Company, Sedgwick Claims Management Services, and the United Auto Workers.  (ECF No.9)  The Complaint alleges that this is an action for unlawful withholding of wages, disability benefits, and profit-sharing funds.  (Complaint, ECF No. 1, PageID.1)  McFadden asserts that this Court has jurisdiction pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1011, et seq.  *Id*.

The Motion alleges that McFadden was approved on January 15, 2026 for

disability payments at $846 per week.  (ECF No. 9, PageID.17)  He claims that the payments were withheld for six weeks and that he "was later wrongfully marked AWOL and terminated due to claim mismanagement."  *Id*. He seeks "[i]mmediate release of all withheld wages and benefits, resumption of payments, and prevention of further interference."  *Id*.

## II.   ANALYSIS

Rule 65(b) of the Rules of Civil Procedure governs motions for temporary restraining orders which states:

> (1)   *Issuing Without Notice.*   The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney ***only if***:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  A temporary restraining order expires in 14 days after entry, unless the court extends the order, for good cause, for a like period, or if the adverse party consents to a longer extension.  Fed. R. Civ. P. 65(b)(2).

"The Supreme Court has stated that the Rule 65(b) restrictions 'on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.'"

*Reed v. Cleveland Bd. of Educ.*, 581 F.2d 570, 573 (6th Cir. 1978) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439, (1974)).  There are two circumstances which would justify the Court proceeding ex parte on a motion for temporary restraining order without notice under Rule 65(b)(1): (1) where notice to the adverse party is *impossible*, and (2) in more limited circumstances, where "notice to the defendant would render fruitless further prosecution of the action." *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). "In order to justify proceeding ex parte because notice would render further action fruitless, the applicant must do more than assert that the adverse party would dispose of evidence if given notice." *Id*. Instead, a party trying to proceed ex parte "must support such assertions by showing that the adverse party has a history of disposing of evidence or violating court orders or that persons similar to the adverse party have such a history."  *Id*. at 651. Parties seeking ex parte relief must do more than allege that the adverse party could destroy evidence. *Id.* ("Showing that the adverse party would have the opportunity to conceal evidence is insufficient to justify proceeding ex parte. If it were, courts would be bombarded with such requests in every action filed. The applicant must show that the adverse party is likely to take the opportunity for such deceptive conduct.").  It is an abuse of discretion by the district court if it issued an ex parte temporary restraining order

3

without requiring a plaintiff to certify why notice was not required and without requiring submission of proof to support such. *Id*. at 652.

McFadden failed to make a sufficient showing as required under Rule 65(b) as to why notice to the various Defendants is not required. He did not submit any evidence that the adverse parties would destroy evidence to justify an ex parte order. McFadden also failed to show that notice to the various Defendants would render fruitless further prosecution of the action. He submitted no certification in writing as to any efforts he made to give notice to the Defendants nor certify the reasons why McFadden should not be required to give such notice. McFadden has not shown he is entitled to ex parte relief under Rule 65(b) since he failed to show why notice to the adverse parties is impossible and/or fruitless.

Addressing the irreparable injury requirement, it is well-settled that a plaintiff's harm is not irreparable if it is fully compensable by money damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). However, an injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate. *Id.* at 511-512.

In this case, McFadden seeks immediate release of withheld wages and benefits, and the resumption of payments. McFadden's harm is not irreparable because the requested relief of payment of withheld wages and benefits is fully

4

compensable by money damages.  The Court understands that McFadden requires money to meet his basic needs, but he is not entitled to an order to release any withheld payments without notice to Defendants and without a showing that the requested relief will not be fully compensable by money damages.  McFadden's Motion for Temporary Restraining Order is denied.

The Motion for Preliminary Injunction under Rule 65(a) is denied without prejudice until Defendants are properly served by the Complaint and Summons. McFadden may refile the Motion for Preliminary Injunction after Defendants have been served and McFadden is able to provide proper notice of any such motion to the Defendants, which is required under Rule 65(a).

## III.    CONCLUSION/ORDER

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction **(ECF No. 9)** is **DENIED**.  The Motion for Preliminary Injunction may be refiled after Defendants are served with the Complaint and McFadden is able to properly serve the Defendants with a notice of any such motion.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED:  April 2, 2026

5